United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

Mariah S. Hayes,

    Defendant.
_____/

Case No. 25-cr-20034

Hon. F. Kay Behm
United States District Judge

## Plea Agreement

The United States of America and the defendant, Mariah S. Hayes, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.  Count of Conviction**

The defendant will waive her right to an indictment and plead guilty to Count 1 of the Information. Count 1 charges the defendant with false statement during acquisition of a firearm under 18 U.S.C. § 922(a)(6).

**2.  Statutory Maximum Penalties**

The defendant understands that the count to which she is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 10 years |
| --- | --- | --- |
| | Fine: | No more than $250,000 |
| | Term of supervised release: | Up to 3 years |

3. **Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for the conduct reflected in the criminal complaint or factual basis for the plea.

4. **Elements of Count of Conviction**

The elements of Count 1 are:

1. The defendant knowingly made a false oral or written statement to a federally licensed firearms dealer;

2. The false statement was made in connection with the acquisition or attempted acquisition of a firearm; and

3. The statement was intended or likely to deceive such firearms dealer with respect to a fact material to the lawfulness of the sale of the firearm to the defendant.

5. **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

> On or about August 19, 2021, in the Eastern District of Michigan, the defendant, in connection with the acquisition of a firearm, that is, a Glock, Model 23, .40 caliber, semi-automatic pistol, from Business-1, a licensed firearm dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement that was intended and likely to deceive Business-1 about a fact material to the lawfulness of her acquisition of the firearm, that is, the defendant executed a Department of Justice, ATF Form 4473, Firearms Transaction Record, that represented that she was the actual buyer of the firearm identified on the form, when in fact, as the defendant then and there well knew, she was not the actual buyer of the firearm. After purchasing the firearm, the defendant gave the firearm to another person. Approximately 50 days later, on October 8, 2021, police recovered the firearm during a traffic stop.
>
> The defendant performed similar transactions on various other dates where she falsely claimed on the respective ATF Forms 4473 that she was the actual buyer of the respective firearms identified on the forms, when in fact, as she then and there well knew, she was not the actual buyer of the firearms. The defendant purchased 13 total firearms in this manner, eight of which were subsequently recovered by police. The defendant subsequently spoke with police. She told police that she did not have in her possession any of the firearms she previously purchased. She stated that she purchased the firearms on behalf of several other individuals and that she lied on the ATF Forms 4473 when doing so.

6. **Advice of Rights**

The defendant has read the information, has discussed the charges and possible defenses with her attorney, and understands the crime(s) charged. The

defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

    C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

    D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

    E.    The right to confront and cross-examine adverse witnesses at trial;

    F.    The right to testify or not to testify at trial, whichever the defendant chooses;

    G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

    H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

    I.    The right to compel the attendance of witnesses at trial.

**7.    Collateral Consequences of Conviction**

The defendant understands that her conviction here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her conviction here may require her to be removed

from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of her conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from her conviction.

**8.     Defendant's Guideline Range**

   **A.     Court's Determination**

   The Court will determine the defendant's guideline range at sentencing.

   **B.     Acceptance of Responsibility**

   The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b).] If,

however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offense(s) to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

| §2K2.1(a)(7) | Base offense level | 12 |
| §2K2.1(b)(1)(B) | 8 – 24 firearms | +4 |

### D. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B or 8.C. Neither party is otherwise

restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### E. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw her guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B or 8.C. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the bottom of the defendant's guideline range as determined by the Court.

### 2. No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 1-year term of supervised release.

### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any

term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

The parties have no agreement as to a fine.

### E. Forfeiture

The defendant agrees, pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c), to forfeit all firearms and ammunition involved in or used in the commission of her violation of 18 U.S.C. § 922(g)(1) [handwritten: (a)(6)] including, but not limited to, the following:



| Firearm # | Make/Model/Caliber | Serial Number |
|---|---|---|
| 1 | DBK, DB15, .556 | DB2468101 |
| 2 | Glock, 19, 9mm | BTRU113 |
| 3 | FNB, Five-Seven, 57 | 386397427 |
| 4 | Glock, 19, 9mm | BTXP454 |
| 5 | FNB, Five-Seven, 57 | 386339076 |
| 6 | Glock, 22, .40 | BTEP699 |
| 7 | TAS, G2C, 9mm | ACD795689 |
| 8 | Glock, 23, 40 | BSYL330 |
| 9 | Glock, 19X, 9mm | BUCB338 |
| 10 | Glock, 23, .40 | BSYL460 |
| 11 | Glock, 17, 9mm | BTMY207 |
| 12 | Glock, 17, 9mm | BTMN595 |

| 13 | Glock 19, 9mm | BGZR010 |

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following the defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2. The defendant agrees that the forfeiture order will become final as to the defendant at the time entered by the Court.

Defendant expressly waives her right to have a jury determine forfeitability of her interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Defendant further waives the requirements of Fed.R.Crim.P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives her right to challenge any failure by the Court to advise her of her rights with respect to forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J), at the time her guilty plea is accepted.

The defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the firearms and ammunition referenced above.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G. Special Assessment

The defendant understands that she will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10. Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. The defendant also waives any right she may have to appeal her sentence on any grounds, unless her sentence of imprisonment exceeds the top of the guideline range as determined by the Court.

## 11. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long

as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge her conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**12.     Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw her guilty plea(s) or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives her double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they were

not filed in a timely manner, including any claim that they were filed after the limitations period expired.

13. **Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw her guilty plea for any reason, he waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

14. **Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

15. **Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation

agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by **Tuesday, February 11, 2025 at 1:00 p.m.** The government may withdraw from this agreement at any time before the defendant pleads guilty.

Julie A. Beck
Acting United States Attorney

Anthony P. Vance
Chief, Branch Offices
Assistant United States Attorney

Dated: February 4, 2025

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has

had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

_____   _____
Judith Gracey                    Mariah S. Hayes
Attorney for Defendant           Defendant

Dated: 2/11/25